Isaac P. Hernandez (SBN 237246)
Hernandez Law Firm, PLC
1440 E. Missouri Ave., Ste. C115
Phoenix, Arizona 85014
Tel: 602.753.2933
Fax: 855.592.5876
Email: isaac@hdezlawfirm.com

*Attorney for Plaintiff Dr. Samar Azawi*

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Samar Azawi, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>David Shulkin, Secretary of the United States Department of Veterans Affairs,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT** |

**COMES NOW** Plaintiff Dr. Samar Azawi in support of her Complaint against David Shulkin, Secretary of the United States Department of Veterans Affairs, ("Defendant" or "Agency"), hereby alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), and the Equal Pay Act, 29 U.S.C. §206(d) ("EPA"), for injuries resulting from Defendant's unlawful employment practices, including but not limited to (1) discrimination against

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

Plaintiff because of her age, race, sex, and/or national origin (2) subjecting Plaintiff to unlawful harassment and a hostile work environment, (3) failing to take appropriate corrective action in response to Plaintiff's complaints, and (4) retaliating against Plaintiff because she complained of unlawful discrimination and harassment. Plaintiff seeks back pay, front pay, compensatory damages, liquidated damages, attorney's fees and costs, and such further relief as the Court deems just and proper under the circumstances.

## JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's federal law claims is conferred on this Court pursuant to 28 U.S.C. §1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because the acts, events, or omissions giving rise to Plaintiff's claims occurred in whole, or in part, in the Central District of California.

## PARTIES

4. Plaintiff has been resident of Los Angeles County, California during the relevant time frame.

5. David Skulkin is the Secretary for the United States Department of Veterans Affairs ("Defendant" or "Agency").

## FACTUAL BACKGROUND

6. Plaintiff is a 66-year-old female of Iraqi descent.

7. She was employed with the Agency as a physician for roughly 30 years, until the Agency constructively terminated her employment in May 2017.

8. In 2002 Plaintiff was promoted to Chief of Radiation/Oncology, a position she held until December 2015.

9. During her tenure as Chief of Radiation/Oncology Plaintiff supervised 14-16 employees.

10. During her tenure as Chief of Radiation/Oncology Plaintiff

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

1 received less pay that similarly situated physicians.

2 11. Sometime around March/April 2012 Plaintiff learned that one male physician earned the same salary as Plaintiff even though Plaintiff had supervisory duties and the male employee did not.

12. Plaintiff complained to her supervisors and managers about the discrepancy in her pay.

13. Beginning sometime around 2012/2013 began notifying supervisors and managers about the need for additional physician and staff support in the Radiation/Oncology Department ("Department").

14. The staffing problem became exponentially more severe around January/February 2014, when the only other full-time physician in the Department (Dr. Richard Williams) began making regular use his accrued leave in anticipation of his retirement in April 2014.

15. Dr. Williams retired in April 2014 exacerbating the need for additional staff in the Department.

16. Dr. Williams' retirement left Plaintiff as the only full-time physician in the Radiation/Oncology Department, along with two other part-time contract doctors over whom she had little authority to direct or control. Another full-time doctor was not hired in the Department until November 2015.

17. During that entire time (~January/February 2014 to November 2015) Plaintiff continued to serve in her capacity as Department Chief, performing all duties and responsibilities of the position, including but not limited to, managing staff and attending various committee and board meetings.

18. In December 2015 Defendant removed Plaintiff from her position as Chief of Radiation/Oncology, removed her clinical privileges, and reassigned her to a new position with nothing more than administrative duties.

19. On or about December 2015 Defendant forced her to relocate to a smaller office.

20. On or about December 2015 Defendant stripped Plaintiff of her duties related to ongoing research projects and reassigned Plaintiff's research duties to another physician.

21. At the time of Plaintiff's reassignment in December 2015 Plaintiff was notified that she was being reassigned pending an investigation. She was not provided any details or specifics regarding the basis for the investigation.

22. During the 2014/2015 time-frame Chief of Staff Dr. Norman Ge and Network Director for the Radiation Oncology Department Steve Lee were the persons primarily responsible for rejecting and delaying Plaintiff's repeated request for additional physicians and staff in the Radiation/Oncology Department.

23. Despite her repeated requests, Plaintiff did not receive any details or specifics regarding the basis for her reassignment and supposed investigation until March 13, 2017, when Plaintiff received a Proposed Removal Memorandum ("Proposed Removal") and corresponding Evidence File that contained all the documents and information on which the Agency's Proposed Removal was based.

24. In response to Plaintiff's repeated inquiries regarding the nature and status of the investigation from December 2015 until March 2017 Defendant generally responded that the pending investigation concerned alleged performance and patient care issues.

25. Most if not all the alleged performance and patient care issues referred to in the Proposed Removal and documented in the Evidence File occurred between April 2014 and March 2015, when the Radiation/Oncology Department was reeling from staffing shortages exacerbated with Dr. Williams' retirement in April 2014.

26. Notably, one of the charges in the Proposed Removal and Evidence File refers to an alleged data entry error from May 2007, which had

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

never been brought to Plaintiff's attention prior to March 2017.

27. The Evidence File Plaintiff received in March 2017 included documents indicating that the Agency had convened a Management Review on or about February 2016 regarding Plaintiff's alleged performance and patient care issues. The reviewer/investigator assigned to conduct the Management Review in February 2016 made no attempt to meet or interview Plaintiff or to collect documents from Plaintiff (nor did any other supervisor or manager).

28. The Evidence File Plaintiff received in March 2017 included documents indicating that the Agency had convened a Professional Standards Board ("PSB") on August 12, 2016, to evaluate the evidence and Plaintiff's alleged performance and patient care issues. The PSB issued its recommendations on or about August 29, 2016.

29. Plaintiff never received notice that a PSB was being convened or notice of the PSB's recommendations in August 2016 until after she received the Evidence File in March 2017.

30. Defendant's failure to timely notify Plaintiff of the PSB convened in August 2016 or its recommendations is a violation of Agency rules and policies.

31. The Evidence File Plaintiff received in March 2017 included documents indicating that the Agency had convened a Second Management Review on or about October 2016 regarding Plaintiff's alleged performance and patient care issues. Again, there was no attempt by the designated reviewer/investigator to meet or interview Plaintiff or to collect documents from Plaintiff (nor did any other supervisor or manager).

32. The Proposed Removal included more than seventy (70) separate and distinct allegations regarding performance and patient care.

33. The Evidence File contained roughly 1000 pages, consisting primarily of heavily redacted patient medical records.

- 5 -

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

34. Upon receiving the Proposed Removal and Evidence File Defendant provided Plaintiff with only fourteen (14) calendar days to respond.

35. Given the sheer volume of allegations outlined in the Proposed Removal, the volume of documents in the Evidence File, as well as the need for Dr. Azawi to review records for patients she had not treated in more than 1.5 years or longer, Plaintiff requested an additional six (6) weeks to prepare her Response to the Proposed Removal. Defendant provided her with only two additional weeks.

36. Plaintiff submitted her response to the Proposed Removal on April 11, 2017.

37. On or about May 2, 2017, in a meeting with Chief of Staff Dr. Ge Plaintiff learned that the Agency had decided to terminate her employment effective May 8, 2017.

38. After her meeting with Dr. Ge on May 2, 2017, Plaintiff was publicly escorted out of the facility by security or VA Police.

39. On or about May 4, 2017, Defendant's employees (including but not limited to Lori Karin and Michael Meyers) violated Plaintiff's rights and interfered with Plaintiff's attempt to file her application for retirement by telling Plaintiff that Defendant would not accept her application for retirement unless she signed a settlement agreement waiving her claims against Defendant.

40. On or about May 6, 2017, Defendant notified Plaintiff that she could file her application for retirement even if she did not sign the settlement agreement.

41. On May 7, 2017, because of Defendant's unlawful conduct, Plaintiff was forced to file her application for retirement.

### EEO ACTIVITY

42. On or about July 23, 2008, Plaintiff filed an EEO Complaint

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

(Agency Case No. 200P-0600-2008103342), alleging discrimination based on race, sex, national origin and retaliation. A hearing was held in this case and the ALJ issued a decision February 24, 2010, finding the Agency discriminated against Plaintiff in connection with the following matters: (1) management would counsel Plaintiff about attendance without justification, (2) management interfered with her job duties, including her ability to supervise subordinates, and prohibited her from contacting Human Resources to deal with employee performance problems, (3) management removed her from her position as Chief of Radiation/Oncology based on unsubstantiated complaints by a subordinate.

43. The Agency issued a Final Order May 7, 2010, and accepted the ALJ's findings, including awards to Plaintiff for compensatory damages and attorney's fees.

44. On or about July 10, 2012, Plaintiff filed an EEO Complaint (Agency Case No. 200P-0600-2012103303), alleging violations of the Equal Pay Act and discrimination based on sex, national origin (Iraq), and retaliation.

45. On or about July 7, 2014, Plaintiff filed an EEO Complaint (Agency Case No. 200P-0600-2014102976), alleging discrimination based on sex, age, race (Arabic), hostile work environment, and retaliation.

46. On or about September 4, 2015, Plaintiff filed an EEO Complaint (Agency Case No. 200P-0600-2015103961), alleging hostile work environment and retaliation.

47. On or about August 24, 2016, Plaintiff filed an EEO Complaint (Agency Case No. 200P-0600-2016104524), alleging discrimination based on sex, age, national origin (Arabic/Iraq), hostile work environment, and retaliation.

48. On or about July 3, 2017, Plaintiff filed an EEO Complaint (Agency Case No. 200P-0600-2017103393), alleging discrimination based on

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

sex, national origin (Iraq), and retaliation.

49. Because more than 180 days have passed since Plaintiff filed EEO Complaints Plaintiff has filed since July 2012 (see above, Paragraphs 44-48), and no final action has been taken as to those EEO Complaints, Plaintiff has elected to withdraw from the administrative process and pursue her claims in federal district court. *See* 29 C.F.R. § 1614.407.

## FIRST CAUSE OF ACTION
## (EPA-Pay Discrimination)

50. Plaintiff incorporates by reference Paragraphs 1 through 49 of this Complaint as if specifically set forth herein.

51. During the course of Plaintiff's employment with Defendant, Plaintiff was discriminated against because of her sex.

52. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to less favorable terms and conditions of employment than other similarly situated male employees.

53. The acts, policies and practices of Defendant violated the EPA.

54. As a direct and proximate result of Defendant's violation of Plaintiff's rights under the EPA, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses.

55. Defendant's unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

## SECOND CAUSE OF ACTION
## (EPA-Retaliation)

56. Plaintiff incorporates by reference Paragraphs 1 through 55 of this Complaint as if specifically set forth herein.

57. Upon information and belief, Defendant's supervisors and managers knew or should have known of Plaintiff's complaints regarding her pay, including but not limited to, Dr. Norman Ge and Dr. Steve Lee.

58. Upon information and belief, no supervisor or manager of Defendant took any action to investigate Plaintiff's complaints or take corrective action in response to Plaintiff's complaints.

59. Even after Defendant received notice of Plaintiff's EEOC Complaints, Defendant did not issue any discipline for issues regarding or arising from Plaintiff's complaints regarding her pay.

60. As a direct and proximate result of Defendant's violation of Plaintiff's rights under the EPA, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, he has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

61. Defendant's unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

## THIRD CAUSE OF ACTION
## (Title VII-Sex Discrimination)

62. Plaintiff incorporates by reference Paragraphs 1 through 61 of this Complaint as if specifically set forth herein.

63. During the course of Plaintiff's employment with Defendant, Plaintiff was discriminated against because of her sex.

64. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to less favorable terms and conditions of employment than other similarly situated male employees.

65. The acts, policies and practices of Defendant violated Title VII and created a hostile work environment for Plaintiff.

66. Defendant willfully and intentionally discriminated against Plaintiff because of her sex.

67. Defendant has maintained a pattern and practice of sex discrimination and, by the use of facially neutral employment practices and on other occasions, by the use of excessively subjective standards for selection of those to be promoted, demoted, discharged, or disciplined, caused adverse and discriminatory impact on female employees, including Plaintiff.

68. As a direct and proximate result of Defendant's violation of Plaintiff's rights under the Title VII, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

69. Defendant's unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
### (Title VII-Race/National Origin Discrimination)

70. Plaintiff incorporates by reference Paragraphs 1 through 69 of this Complaint as if specifically set forth herein.

71. During the course of Plaintiff's employment with Defendant, Plaintiff was discriminated against because of her race (Arabic) and/or National Origin (Iraq).

72. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to less favorable terms and conditions of employment than other similarly situated male employees.

73. The acts, policies and practices of Defendant violated Title VII and created a hostile work environment for Plaintiff.

74. Defendant willfully and intentionally discriminated against Plaintiff because of her race (Arabic) and/or National Origin (Iraq).

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

75. Defendant has maintained a pattern and practice of unlawful discrimination and, by the use of facially neutral employment practices and on other occasions, by the use of excessively subjective standards for selection of those to be promoted, demoted, discharged, or disciplined, caused adverse and discriminatory impact on other employees, including Plaintiff.

76. As a direct and proximate result of Defendant's violation of Plaintiff's rights under the Title VII, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

77. Defendant's unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

## FIFTH CAUSE OF ACTION
### (Title VII-Harassment/Hostile Work Environment)

78. Plaintiff incorporates by reference Paragraphs 1 through 77 of this Complaint as if specifically set forth herein.

79. During the course of Plaintiff's employment with Defendant, Plaintiff was subject to harassment and a hostile work environment in violation of Title VII.

80. Upon information and belief, Defendant's managers and owners knew or should have known of their employees' propensity for inappropriate conduct, including but not limited to harassment of Plaintiff, and failed to take necessary measures to prevent such misconduct.

81. The harassment Plaintiff suffered was sufficiently severe and pervasive so as to interfere with Plaintiff's work.

82. The harassment Plaintiff suffered was sufficiently severe and

- 11 -

pervasive so as to create an intimidating, hostile, and offensive working environment.

83. Defendant, through its supervisors, managers, and other agents, failed to adequately supervise, control, discipline, and/or otherwise penalize employees who engaged in unlawful harassment and discrimination.

84. Defendant, through its supervisors, managers, and other agents, failed to take all reasonable and necessary steps to eliminate unlawful harassment and discrimination from the workplace, and to prevent it from occurring in the future.

85. As a direct and proximate result of Defendant's violation of Plaintiff's rights under the Title VII, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

86. Defendant's unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

## SIXTH CAUSE OF ACTION
### (Title VII-Retaliation)

87. Plaintiff incorporates by reference Paragraphs 1 through 86 of this Complaint as if specifically set forth herein.

88. Upon information and belief, Defendant's supervisors and managers knew or should have known of Plaintiff's complaints regarding the harassment and discrimination she was being subjected to by his coworkers and supervisors, including but not limited to, including but not limited to, Dr. Norman Ge and Dr. Steve Lee.

89. Upon information and belief, no supervisor or manager of

- 12 -

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

1 Defendant took any action to investigate Plaintiff's complaints or take corrective action in response to Plaintiff's complaints.

90. Even after Defendant received notice of Plaintiff's EEOC Complaints, Defendants did not issue any discipline for issues regarding or arising from Plaintiff's allegations of harassment and discrimination.

91. By failing to investigate or take any corrective action Defendant violated Plaintiff's rights under the Title VII.

92. As a direct and proximate result of Defendant's violation of Plaintiff's rights under Title VII, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

93. Defendant's unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

**SEVENTH CAUSE OF ACTION**

**(ADEA-Age Discrimination)**

94. Plaintiff incorporates by reference Paragraphs 1 through 93 of this Complaint as if specifically set forth herein.

95. During the course of Plaintiff's employment with Defendant, Plaintiff was discriminated against because of her age.

96. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to less favorable terms and conditions of employment than other similarly situated younger employees.

97. The acts, policies and practices of Defendant violated the ADEA and created a hostile work environment for Plaintiff.

98. Defendant willfully and intentionally discriminated against

1 Plaintiff because of her age.

99. Defendant has maintained a pattern and practice of unlawful discrimination and, by the use of facially neutral employment practices and on other occasions, by the use of excessively subjective standards for selection of those to be promoted, demoted, discharged, or disciplined, caused adverse and discriminatory impact on other employees, including Plaintiff.

100. As a direct and proximate result of Defendant's violation of Plaintiff's rights under the ADEA, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

101. Defendant's unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

## EIGHTH CAUSE OF ACTION
### (ADEA-Retaliation)

102. Plaintiff incorporates by reference Paragraphs 1 through 101 of this Complaint as if specifically set forth herein.

103. Upon information and belief, Defendant's supervisors and managers knew or should have known of Plaintiff's complaints regarding the harassment and discrimination she was being subjected to by his coworkers and supervisors, including but not limited to, including but not limited to, Dr. Norman Ge and Dr. Steve Lee.

104. Upon information and belief, no supervisor or manager of Defendant took any action to investigate Plaintiff's complaints or take corrective action in response to Plaintiff's complaints.

105. Even after Defendant received notice of Plaintiff's EEOC

Hernandez Law Firm, PLC
1440 E. Missouri Ave, Ste. C115
Phoenix, Arizona 85014
602.753.2933

Complaints, Defendants did not issue any discipline for issues regarding or arising from Plaintiff's allegations of harassment and discrimination.

106. By failing to investigate or take any corrective action Defendant violated Plaintiff's rights under the ADEA.

107. As a direct and proximate result of Defendant's violation of Plaintiff's rights under the ADEA, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

108. Defendant's unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff prays for relief against Defendant as follows:

A. Award Plaintiff back pay, front pay, and any other available compensatory damages, as may be determined at trial;

B. Award Plaintiff general damages for her emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life, as may be determined at trial;

C. Award Plaintiff liquidated damages under the EPA;

D. Award Plaintiff attorney's fees and costs incurred in the prosecution of this action;

E. Pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

G.  Post-judgment interest at the highest lawful rate for all amounts, including attorney's fees, awarded against Defendant; and

H.  All other relief, whether legal, equitable or injunctive, as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial.

Respectfully submitted this 29th day of January 2018.

                Hernandez Law Firm, PLC

                By:/s/ Isaac P. Hernandez
                    Isaac P. Hernandez
                    Attorney for Plaintiff

Hernandez Law Firm, PLC
1440 E. Missouri Ave., Ste. C115
Phoenix, Arizona 85014
602.753.2933