E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division
ALARICE M. MEDRANO (Cal. Bar No. 166730)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0460
    Facsimile: (213) 894-7819
    E-mail: Alarice.Medrano@usdoj.gov

Attorneys for Defendant, Denis McDonough,
Secretary, Department of Veterans Affairs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SAMAR AZAWI, M.D.,<br><br>    Plaintiff,<br><br>v.<br><br>DENIS MCDONOUGH[1], SECRETARY OF THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>    Defendant. | No. CV 18-00744 MRW<br><br>REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Hearing: No date set (ECF 104)<br><br>Honorable Michael R. Wilner<br>United States Magistrate Judge |

**I.    INTRODUCTION**

Despite discussions regarding a resolution of some of Plaintiff's claims, the parties were not able to finally resolve any of the claims before summary judgment briefing in this case. Accordingly, Defendant's Motion for Summary Judgment ("Motion")

---

[1] Denis McDonough was confirmed as the Secretary of the United States Department of Veterans Affairs on February 8. 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Denis McDonough should be substituted for former Secretary Robert L. Wilkie as the defendant in this suit.

addresses all of the causes of action identified in Plaintiff's January 29, 2018 Complaint: (1) EPA - Pay Discrimination; (2) EPA – Retaliation; (3) Title VII - Sex Discrimination; (4) Title VII - Race/National Origin Discrimination; (5) Title VII - Harassment/Hostile Work Environment; (6) Title VII – Retaliation; (7) ADEA - Age Discrimination; and (8) ADEA – Retaliation.

Defendant's Motion sets forth arguments and evidence showing that this Court lacks jurisdiction over Plaintiff's EPA claims (First and Second Causes of Action), and that Defendant is entitled to summary judgment on Plaintiff's disparate treatment claims based on sex, race, national origin or age (Third, Fourth, Seventh and Eighth Causes of Action), the Hostile Work Environment claim (Fifth Cause of Action), and the Retaliation claim (Sixth Cause of Action). In support of summary judgment, Defendant also submitted a 192-page Evidence Appendix. (ECF 99-1 – ECF 99-4.)

In Opposition to Defendant's Motion, Plaintiff fails to make clear to the Court whether and which EPA claims remain in this case or are voluntarily dismissed, as required by the Court's August 3, 2022 Order (ECF 98.) Moreover, no argument regarding this claim is included in the brief, and Plaintiff's declaration only vaguely references such a claim. (ECF 107 at ¶ 8.)

In regard to the remaining claims, Plaintiff fails to specifically address Defendant's arguments, setting forth only a single argument that "a genuine issue of fact exists as to whether Plaintiff performed poorly based upon Defendant's intentional overloading of Plaintiff with work at a 300% normal level so as to cause her to make errors, and retaliation against her for her successful EEOC complaints." (ECF 106 at 4:11-7:3.) Plaintiff's argument cites no legal authority and relies solely on Plaintiff's Declaration in Opposition to the Motion for Summary Judgment. (ECF 107.) The Declaration references a single page Productivity by Month Report (ECF 107-1), identified as "Defendant's calculations of the workload," without any further explanation. (ECF 107 at ¶ 17.) The document does not contain a bates number identifying it as one of the thousands of pages of discovery in this case. No other

1

evidence is submitted by the Plaintiff.

Plaintiff fails to even acknowledge, much less attempt to address the evidence that Defendant put before the Court on Defendant's Motion. The evidence submitted by Defendant includes *forty-eight* relevant facts. (ECF 99-5.) Of those, Plaintiff does not contravene a majority of the facts (approximately *forty-one*), and instead qualifies or attempts to reconstrue the referenced evidence. *See* Plaintiff's Separate Statement (ECF 108), at Statement of Undisputed Fact (SUF) 11-13, 15, 19-20, 28-38, 43.

## II.   ARGUMENT

### A.   Plaintiff Has Abandoned Any EPA Claims

In the Court's August 3, 2022 Order extending the summary judgment briefing schedule, the Court instructed: "[i] n Plaintiff's responsive submission, she will make clear to the Court whether and which EPA claims remain in this case or are voluntarily dismissed. (Docket # 97 at 5 ¶ 4; Local Rule of Court 7.)" (ECF 98.) As set forth in the Stipulation of the parties, seeking more time, Defendant pointed out that in May 2022, the parties had reached a potential resolution of Plaintiff's EPA claims. However, Plaintiff did not sign the stipulated dismissal prior to the preparation of Defendant's Motion. (ECF 97.) Accordingly, the EPA issues (First and Second Causes of Action) were addressed in Defendant's Motion. As set forth therein, this Court lacks jurisdiction over Plaintiff's EPA claims as they do not satisfy the jurisdictional requirements. Throughout this litigation, Plaintiff has failed to adduce any evidence as to the alleged value of her claims. In addition, Plaintiff's EPA claims are untimely as she failed to timely file an action in a court of competent jurisdiction. In her Opposition ("Opp'n), Plaintiff fails to address these arguments at all, or to site any legal authority in support of her EPA claims.

Instead, Plaintiff's Opposition makes only a vague reference to this claim, appearing to argue that Plaintiff was a "service chief," but received the salary of a "section chief." (Opp'n at 4:27-5:7.) Plaintiff relies on her own declaration, without providing any additional information or evidentiary support, simply repeating the above

statement and adding the following: "Dr. Tehranzadeh [a prior supervisor] requested an increase of Plaintiff's pay, however, this was part of the Defendant's habit custom retaliating against Plaintiff because of filed EOO complaints and prevailed on one, is a female in a member-dominated world and a whistleblower." (ECF 107 at ¶ 8.) Plaintiff's Separate Statement (ECF 108) also fails to provide any additional evidence on this matter. *See* SUF 5-10.

Thus, as Plaintiff failed to comply with the Court's Order to clearly articulate whether Plaintiff intends to proceed with these claims, it appears that Plaintiff has abandoned the claims. *Jenkins v. Cnty. Of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (plaintiff abandoned two claims by not raising them in opposition to the County's motion for summary judgment). Accordingly, summary judgment should be granted in Defendant's favor on the EPA claims.

### B. Plaintiff Cannot Set Forth Evidence Sufficient to Rebut the Defendant's Articulated Legitimate, Non-Discriminatory Reasons for Its Actions or Demonstrate Pretext

As set forth in Defendant's Motion, Plaintiff fails to set forth a *prima facie* case of disparate treatment based on sex (Compl. ¶ 64.), race/national origin (Compl. ¶ 71) or age (Compl., ¶ 96). "Under Title VII, an individual suffers disparate treatment when he or she is singled out and treated less favorably than others similarly situated on account of race." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1121 (9th Cir. 2004) (citations and quotations omitted). Under the *McDonnell Douglas* framework, the plaintiff first has the burden of establishing a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. To establish a *prima facie* case, the plaintiff "must show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000). The defendant then has the burden to articulate some legitimate, nondiscriminatory reason for the adverse employment action.

1  *McDonnell Douglas*, 411 U.S. at 802. The employer's burden is satisfied if he simply
2  explains what he has done or produces evidence of legitimate nondiscriminatory reasons.
3  *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Once the defendant
4  carries that burden, the presumption of discrimination disappears, and the plaintiff must
5  demonstrate that the legitimate reason offered by the defendant was merely pretext for
6  discrimination. *McDonnell Douglas*, 411 U.S. at 805. The plaintiff can show pretext
7  either by persuading the court that a discriminatory reason was the more likely
8  motivating factor behind the decision, or by showing that the employer's proffered
9  explanation is unworthy of credence. *Id*. at 804–05.
10        Here, as set forth in the Motion, Defendant maintains that Plaintiff has is not able
11 to raise a triable issue that she was performing her job satisfactorily. *See* generally,
12 Declaration of Dr. Norman Ge (ECF 99-2) and the Declaration of Dr. Steve Le filed
13 concurrently herewith. In her Opposition, Plaintiff simply provides her own declaration
14 with alternative reasons for the problems in her Section and recharacterizes the findings
15 of the OIG investigation, the 2013 tort claim, the review of her leave, and the peer
16 review. *See* Opp'n at 5:8-6:14. In addition, Defendant maintains that Plaintiff cannot
17 raise a triable issue that any similarly situated employees of a different sex, race, national
18 origin, or age were treated more favorably than Plaintiff. Plaintiff identifies no such
19 individual(s) in her Opposition or Declaration. (ECF 106, 107)
20        However, even assuming that Plaintiff has made out a *prima facie* case of
21 discrimination, Defendant has produced significant evidence of a legitimate,
22 nondiscriminatory reason for the actions that the VA took toward Plaintiff. As set forth
23 in Dr. Ge's Declaration, although he was initially supportive of Plaintiff, problems in her
24 Section (Radiation Oncology) began as early as 2011, with an OIG investigation and
25 Healthcare Inspection Report regarding the alleged poor quality of care in Radiation
26 Therapy at the VALB. (Ge Decl. (ECF 99-2) at ¶¶ 5-6.) In addition, in 2014, there was a
27 tort claim against Plaintiff, brought by a patient, which resulted in a settlement by the
28 VA. (*Id*. at ¶ 12.) Also in 2014-2015, problems with Plaintiff's leave were discovered by

1  Plaintiff's supervisors. (*Id*. at ¶¶ 13, 16-17; *see also*, Lee Decl., ¶¶ 17-22.) It was also
2  discovered that Plaintiff had refused patients referred to the VALB by Loma Linda VA
3  for cancer treatments, which resulted in Plaintiff's reprimand. (Ge Decl. ¶¶ 14, ¶ 17; *see*
4  *also*, Lee Decl., ¶ 15.) There were complaints by other employees, resulting in a fact-
5  finding investigation by the Human Resources Office in August 2015. (Ge Decl. ¶¶ 18-
6  20.) In addition, there were peer reviews of Plaintiff's treatment of patients in late 2015.
7  (*Id*. ¶¶ 22-23, 26.) These actions ultimately resulted in Plaintiff being reassigned, and
8  after a lengthy investigation, a Professional Standards Board (PSB) being convened to
9  consider Plaintiff's removal in 2016. (*Id*. ¶¶ 24, 27-28.) Based on the above, there was
10 more than sufficient evidence to consider Plaintiff's removal from her position in 2017.
11 (*Id*.) As a result, Plaintiff ultimately retired from the VA in May 2017, before she was
12 removed. (*Id*. ¶ 29.)

13        The burden therefore shifts to Plaintiff to show that Defendant's explanation is
14 pretextual. An "employee can satisfy its burden by 'produc[ing] substantial responsive
15 evidence that the employer's showing was untrue or pretextual.'" *Dep't of Fair*
16 *Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 746 (9th Cir. 2011) (citation
17 omitted). A "plaintiff may establish pretext either directly by persuading the court that a
18 discriminatory reason more likely motivated the employer or indirectly by showing that
19 the employer's proffered explanation is unworthy of credence." *Id*. (*quoting Godwin v.*
20 *Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998), as amended (Aug. 11, 1998).
21 "If a plaintiff uses circumstantial evidence to satisfy this burden, such evidence 'must be
22 specific' and 'substantial.'" *Id*. (*quoting Godwin*, 150 F.3d at 1221). "An employee in
23 this situation can not simply show the employer's decision was wrong, mistaken, or
24 unwise." *Id*. (*quoting Morgan v. Regents of the Univ. of Cal.*, 105 Cal.Rptr.2d 652, 670
25 (2000) (internal quotation marks omitted)). Plaintiff's Opposition provides no such
26 evidence here and thus, fails to meet her burden of producing substantial evidence of
27 pretext.
28

5

### C. Plaintiff Has Abandoned Any Hostile Work Environment Claim

"To prevail on a hostile workplace claim premised on either race or sex, a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003). However, a plaintiff's claim is time-barred if all of the incidents reflecting a hostile work environment occurred prior to the limitations period. *Cherosky v. Henderson*, 330 F.3d 1243, 1246 (9th Cir. 2003) ("claims based on a hostile environment are only timely where at least one act occurred during the limitations period").

As set forth in Defendant's Motion, it is impossible to determine if Plaintiff's claim in this case is timely. Moreover, even if Plaintiff's claim is timely, Plaintiff nevertheless fails to offer any evidence that she was subject to any verbal or physical harassment, much less race-based harassment sufficiently severe or pervasive to give rise to an actionable hostile work environment. *Vasquez*, 349 F.3d at 642. Plaintiff's hostile work environment claim provides no information about any instances of harassment. (Compl., ¶¶ 78-86.) Plaintiff's Opposition offers no additional facts or argument in regard to any such claim.

Thus, Plaintiff appears to have abandoned this claim. *Jenkins*, 398 F.3d at 1095 n.4. As Plaintiff has failed to address the legal arguments regarding any hostile work environment claim, summary judgment should be granted in Defendant's favor.

### D. Defendant is Entitled to Summary Judgment on Plaintiff's Retaliation Claim

To state a claim for retaliation, Plaintiff must show (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between the two. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004); *Johnson v. Horne*, 875 F.2d 1415, 1421 (9th Cir. 1989). To establish causation sufficient

to support a *prima facie* case of retaliation, Plaintiff must show that her engagement in protected activity was the but-for cause of differential treatment that played some part in the challenged employment action. *See Babb v. Wilkie*, 140 S. Ct. 1169, 1174 (2020).

Here, Plaintiff's Opposition fails to identify the protected activity on which Plaintiff relies on for purposes of a retaliation claim. Plaintiff includes only vague a vague reference to "Defendant's habit custom retaliating against Plaintiff because of Plaintiff filed EEO complaints and prevailed on one …." (Opp'n at 5:3-7.) However, the EEO claim that Plaintiff refers to was filed in 2008, against a former Chief of Staff at the VALB, Dr. Szabo. (*See* attached Supplemental Medrano Decl. ¶ 2; Ex. DD (Plaintiff's Deposition TR) at 76:24-80:4.) That was a five years before Dr. Ge became the Chief of Staff and Dr. Lee joined the VA, and well before Defendant proposed Plaintiff's removal. (Ge Decl. ¶¶ 3, 7, 28; *see also*, Lee Decl. ¶¶ 2-3.) At the time of Plaintiff's 2008 EEO complaint, Dr. Ge and Dr. Lee were not Plaintiff's supervisors. Moreover, there are no allegations that Dr. Szabo was involved in the matters identified in Plaintiff's Complaint in this case.

Therefore, Plaintiff cannot demonstrate a causal connection between her 2008 EEO claim and the actions taken to investigate her Section in 2014 through her removal in 2017. *Manatt v. Bank of Am., NA*, 339 F.3d 792, 802 (9th Cir. 2003) (nine-month lapse too long to infer causation), *citing Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) (noting that a court may not infer causation from temporal proximity unless the time between an employer's knowledge of protected activity and an adverse employment action is "very close" and citing cases for the proposition that a three-month and four-month time lapse is insufficient to infer causation). Plaintiff's retaliation claim fails for this additional reason.

### III. CONCLUSIONS

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion for Summary Judgment.

| | | |
|---|---|---|
| 1 | Dated: September 30, 2022 | E. MARTIN ESTRADA<br>United States Attorney<br>DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division<br>JOANNE S. OSINOFF<br>Assistant United States Attorney<br>Chief, General Civil Section, Civil Division<br><br>*/s/ Alarice M. Medrano*<br>_____<br>ALARICE M. MEDRANO<br>Assistant United States Attorney<br><br>Attorneys for Defendant,<br>Denis McDonough, Secretary,<br>Department of Veterans Affairs |